# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ALEX WATTERS,<br><br>      Plaintiff,<br><br>vs.<br><br>DONALD YARNES and<br>NANCY YARNES,<br><br>      Defendants. | No. C05-4075-DEO<br><br>**ORDER ON MOTION TO CERTIFY QUESTION OF LAW TO IOWA SUPREME COURT** |

_____

This matter is before the court on the defendants' motion (Doc. No. 40) to certify a question of law to the Iowa Supreme Court. The plaintiff resisted the motion on July 5, 2006. (Doc. No. 47)

In their motion, the defendants ask the court to certify the following question to the Iowa Supreme Court: **"Does a riparian property owner owe a duty to a user of an adjacent public lake who is injured while diving into shallow water from the property owner's dock?"** The defendants' motion was filed pursuant to Local Rule 83.1, which provides as follows:

> When a question of state law may be determinative of a cause pending in this court and it appears there may be no controlling precedent in the decisions of the appellate courts of the state, any party may file a motion to certify the question to the highest appellate court of the state. The court may, on such motion or on its own motion, certify the question to the appropriate state court.

The facts set out in the motion are an appropriate starting point for consideration of the motion:

    A.    Donald and Nancy Yarnes are the owners of land abutting Big Spirit Lake and the proprietors of Sand Bar Beach Resort.

B. The Yarnes installed a dock that extended into the lake for approximately 200 feet in order to attain sufficient depth to accommodate boat hoists that they placed at the end of the dock.

C. In 2004, the water in Big Spirit Lake was naturally low as a result of a three year period of drought that had reduced the lake level by approximately 30 inches below the ordinary high water mark at the time of the plaintiff's injury on September 11, 2004.

D. On September 10/11, 2004, Alex Watters was an eighteen year old college student who was visiting a guest of the resort.

E. At approximately 1:00 a.m. on September 11th, Watters walked out onto the dock for a distance of approximately 150 feet.

F. After a gust of wind blew his hat into the water, Watters decided to dive into the water to retrieve his hat.

G. Watters thought the water was at least 3 feet deep, based on the length of the dock and the presence of boat hoists at the end of the dock that required at least 3 feet of water to accommodate boats.

H. The water where Watters dove was in fact approximately 18 inches deep.

I. Watters struck his head on the bottom of the lake and broke his neck.

(Doc. No. 40-1, pp. 1-2).

This court recently addressed the question of when it is appropriate to certify a question to the state court, in *Bituminous Casualty Corp. v. Sand Livestock Systems, Inc.*, 2005 WL 1476441 (N.D. Iowa, June 22, 2005). In that case, the court held as follows:

> "Whether a federal district court should certify a question of state law to the state's highest court is a matter 'committed to the discretion of the district court.'" *Leiberkneckt v. Bridgestone/Firestone, Inc.*, 980 F. Supp. 300, 309 (N.D. Iowa 1997) (quoting *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881-82 (8th Cir. 1996) (citing *Lehman Bros. v. Schein*, 416

U.S. 386, 391, 94 S. Ct. 1741, 1744, 40 L. Ed. 2d 215 (1974)); and citing *Packett v. Stenberg*, 969 F.2d 721, 726 (8th Cir. 1992) (also citing *Lehman Bros.*)).

> This court's Local Rules provide:
> When a question of state law may be determinative of a cause pending in this court and it appears there may be no controlling precedent in the decisions of the appellate courts of the state, any party may file a motion to certify the question to the highest appellate court of the state. The court may, on such motion or on its own motion, certify the question to the appropriate state court.

LR 83.1 (as amended Jan. 1, 2003). The Iowa Supreme Court is authorized by statute to answer questions certified by this court where the questions "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the appellate courts of [Iowa]." Iowa Code § 684A.1 (1996).

In *Leiberkneckt*, the Honorable Mark W. Bennett discussed in some detail the following factors to be considered in determining whether to certify a question to a state's highest court:

> (1) the extent to which the legal issue under consideration has been left unsettled by the state courts; (2) the availability of legal resources which would aid the court in coming to a conclusion on the legal issue; (3) the court's familiarity with the pertinent state law; (4) the time demands on the court's docket and the docket of the state supreme court; (5) the frequency that the legal issue in question is likely to recur; and (6) the age of the current litigation and the possible prejudice to the litigants which may result from certification. *Olympus Alum. Prod. v. Kehm Enters., Ltd.*, 930 F. Supp. 1295, 1309 n.10 (N.D. Iowa 1996) (citing *Rowson v.*

> *Kawasaki Heavy Indus., Ltd.*, 866 F. Supp. 1221, 1225 & n.5 (N.D. Iowa 1994)).
>
> *Leiberkneckt*, 980 F. Supp. at 310. The court added a seventh factor, to-wit: "whether there is any split of authority among those jurisdictions that have considered the issues presented in similar or analogous circumstances." *Id.*, 980 F. Supp. at 311.

*Id.* at *13-*14.

In the present case, most of the factors are neutral. Both courts have adequate legal resources to address the issue, both courts are familiar with the pertinent state law, and the time demands on both courts would be about the same. Although there are cases from other jurisdictions that deal generally with this area of the law, the issue presented here is not the subject of any serious split among various jurisdictions. The court is not persuaded to the contrary by the cases cited by the defendants, most of which are distinguishable on their facts from the present case.

Of the remaining three factors, two weigh strongly against certification. Trial in this court is scheduled for April 2, 2007, and certification to the Iowa Supreme Court likely would significantly delay the case.[1] If the court were to certify the question in this case to the Iowa Supreme Court, any trial likely would be delayed into 2008 or 2009. With a plaintiff who suffers from paraplegia, such a delay inherently would be prejudicial. In addition, this is not an issue that is likely to recur with any great frequency. The paucity of recent cases dealing with this area of the law demonstrates that it is not an issue likely to arise often in the future.

The only factor possibly favoring certification is the extent to which the legal issue in question is unsettled in Iowa. After reviewing the opinions of the Iowa Supreme Court

---

[1] For example, in *Bituminous Casualty Corp.*, this court certified a question to the Iowa Supreme Court on June 21, 2005. As of the date of this order, more than sixteen months later, no decision has been rendered. Even if the certified question in that case were answered within the next few weeks, the certification process will have resulted in a delay of any trial for more than two years.

4

in *Bawek v. Kawasaki Motors Corp.*, 313 N.W.2d 501 (Iowa 1981), and *Rockafellow v. Rockwell City*, 217 N.W.2d 246 (Iowa 1974), the answer to legal question posed by the defendants is not entirely clear. *See Winston v. Jackson County Conservation Bd.*, 2001 WL 34152073, at *6-7 (N.D. Iowa, Sept. 26, 2001). However, the court does not need to decide this issue at the present time. To rule on the motion to certify, the court only must decide whether the issue is so mystifying that, after balancing in the other factors, it should be sent to the Iowa Supreme Court for determination. Balancing all of these factors, and exercising its discretion, the undersigned finds the issue should be decided in this court.[2]

For the reasons stated above, the motion to certify **(Doc. No. 40)** is **denied**.

**IT IS SO ORDERED.**

**DATED** this 25th day of October, 2006.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2]Because the court has decided not to certify this issue to the Iowa Supreme Court, the court does not reach the plaintiff's argument that the issue should not be certified because a ruling on the issue adverse to him would not dispose of the case.